IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| UNITED STATES OF AMERICA, | § | |
|---|---|---|
| Plaintiff, | § | |
| v. | § | Criminal Action No. **3:11-CR-046-L (01)** |
| **RONALD WAYNE LEE,** | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant's Motion for Extension of Time to File a Writ of Habeas Corpus under 28 U.S.C. § 2255, filed May 30, 2012. Defendant requests an extension of sixty days to file a writ of habeas corpus because he had no means to prepare the writ while in the custody of the Texas Department of Criminal Justice. Petitioner asserts that he is now at a facility where he has the means and resources to prepare his habeas petition.

On June 7, 2011, Ronald Wayne Lee ("Lee") pled guilty to the offense of Bank Robbery pursuant to a plea agreement. On September 19, 2011, this court sentenced Lee to ninety-six months imprisonment and entered judgment on September 21, 2011.

In his motion, Lee contends that shortly after his sentencing by this court, he was remanded to the custody of the Texas Department of Criminal Justice. Lee contends that during his transit he was without means to prepare a writ of habeas corpus because he was required to send all legal work home. Lee asserts that he is now at a facility where he has the means and resources to file his writ of habeas corpus.

As an initial matter, the court notes that the deadline for Lee to file a section 2255 motion has not yet passed. Paragraph 6 of section 2255 designates a one-year statute of limitations within which a federal prisoner may file a motion to vacate, set aside, or correct his sentence under that section. *Dodd v. United States*, 545 U.S. 353, 354 (2005). In most cases, the statute of limitations begins to run when the judgment becomes final. 28 U.S.C. § 2255. A judgment becomes final when the applicable period for seeking review of a final conviction has expired. *Clay v. United States*, 537 U.S. 522, 532 (2003); *United States v. Gamble*, 208 F.3d 536, 536-537 (5th Cir. 2000) (per curiam).

In this case, Lee's conviction became final after the ten-day period for appealing expired and he failed to appeal. That date fell on Sunday, October 2, 2011. Accordingly, because the end of the ten-day period for appealing fell on a Sunday, "the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Crim. P. 45(a)(1)(C). In this case, Monday, October 3, 2011, was the next day that was not a Saturday, Sunday, or legal holiday. Thus, Lee has one year from that date, or until, Monday, October 3, 2012, to file his section 2255 motion, as calculated under 28 U.S.C. § 2255(f)(1).

If Lee files his motion on or before October 3, 2012, it will be timely, and no extension is necessary. Furthermore, the court cannot consider a motion for extension without a section 2255 motion before it. *See United States v. Shipman*, 61 F. App'x 919, 920 (5th Cir. 2003) (unpublished) (affirming the district court's denial of a motion for extension of time to file a section 2255 motion, and agreeing with the reasoning of *United States v. Leon*, 203 F.3d 162 (2d Cir. 2000) that "a federal court lacks jurisdiction to consider the timeliness of a section 2255 petition until a petition is actually filed" because "[b]efore the petition itself is actually filed, 'there is no case or controversy to be heard, and any opinion we were to render on the timeliness issue would be merely advisory.'");

*see also United States v. Vivar-Lopez*, 2008 WL 910064 at *1 (S.D. Tex. Apr. 3, 2008) (denying defendant's motion for extension to file section 2255 petition because the court lacked jurisdiction to consider the motion for tolling without a section 2255 motion before it).

Therefore, the court lacks jurisdiction to entertain Defendant's motion for extension. Accordingly, the court **denies** Defendant's Motion for Extension of Time to file a Writ of Habeas Corpus under 28 U.S.C. § 2255.

**It is so ordered** this 19th day of June, 2012.

Sam A. Lindsay
United States District Judge